UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN T. JOHNSON, JR. | CV-06-0049 OWW LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS FEDERAL CLAIM AND REMAND ACTION BACK TO STATE COURT (Doc. 1.) |
| B. VIKJORD, et. al., | |
| Defendants. | |

This is a civil action filed by Plaintiff Herman T. Johnson, Jr. ("Plaintiff"), a state prisoner proceeding in pro per. The action was removed from the Kings County Superior Court to this Court by Defendants Vikjord, et., al., ("Defendants") on January 11, 2006.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  SUMMARY OF COMPLAINT**

Plaintiff alleges in his Complaint, that Defendants entered Plaintiff's cell quarters on May 13, 2003, and removed Plaintiff's personal property.  (Complaint at 4.)  Plaintiff is seeking declaratory and monetary relief under the "California Tort Claims Act for "personal injury, property damage, negligence and denial of due process of property and liberty interest, in violation of the Constitution of the State of California, Title 15 of the California Code of Regulations, Penal Code and Constitution of the United States." (Complaint at 1.)

**C.  FEDERAL CLAIMS FOR RELIEF**

As noted above, Defendants removed this action from the Kings County Superior Court on the grounds that the action was a civil rights action under 42 U.S.C. § 1983.  However, Defendants' characterization of the allegations in the Complaint as federal constitutional claims only under Section 1983 is not wholly supported by a review of the Complaint.  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979) (existence of federal jurisdiction determined by the complaint at the time of removal).   Plaintiff, who has filed numerous actions

in this Court pursuant to Section 1983,[1] elected to file his case in the State Superior Court rather than in Federal Court under Section 1983. The Complaint makes no reference to Section 1983 and clearly indicates that Plaintiff is seeking relief under the "California Tort Claims Act" for monetary damages from Defendants wrongful confiscation of his personal property. However, violation of state tort law is not sufficient to state a claim for relief under § 1983. Plaintiff does, however, make reference to the U.S. Constitution. Thus, it is unclear from the face of the Complaint if Plaintiff intended to base his claims on federal law in addition to state law. The Court will address Plaintiff's property allegations to the extent they fall under federal law.

### *1. Section 1983 Requirements*

The Civil Rights Act, under which Defendants allege this action was filed, provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). Accordingly, the Court takes judicial notice of the following Section 1983 cases filed by Plaintiff: Johnson v. Dang, CV F 03-5228 OWW WMW P; Johnson v. Scribner, CV F 04-6311 OWW WMW P; Johnson v. Mallenman, CV F 96-5834 LJO P; Johnson v. Heard, CV F 96-6118 REC DLB P.

federal rights.

### 2. Eighth Amendment Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The confiscation of personal property does not give rise to a claim for relief for violation of the Eighth Amendment, regardless of the value of the property to the inmate.

### 3. Fourteenth Amendment Claim

The United States Supreme Court has held that "[a]n unauthorized intentional deprivation of property . . . does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Therefore, Plaintiff's allegation that Defendants unlawfully seized and destroyed his personal property does not give rise to a claim for relief under the Due Process Clause of the Fourteenth Amendment. (Complaint at 5.)

### 4. Illegal Seizure - Fourth Amendment

An inmate has no "reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and seizures." Hudson v. Palmer, 468 U.S. 517, 536 (1984). Therefore, Plaintiff's reference to an unreasonable seizure does not give rise to a claim for relief under section 1983 for violation of the Fourth Amendment.

### 5. Claim for Mental and Emotional Distress

Plaintiff also alleges that Defendants have caused him to suffer "severe pain and suffering and mental distress." (Complaint at 9.)   The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).   Plaintiff's claim for damages for the mental and emotional stress caused by the deprivation of his property is barred by section 1997e(e). Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

## D. CONCLUSION AND RECOMMENDATION

To the extent the Complaint alleges any federal claims, the Court finds that the facts in the Complaint do not state a cognizable claim for relief under Section 1983. Accordingly, the Court will RECOMMEND that the federal claims be DISMISSED from the action, that any pending motions be DENIED as moot, and that the action be REMANDED back to the state court for resolution of Plaintiff's state law claims.

The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within FIFTEEN (15) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 23, 2006                    /s/ Lawrence J. O'Neill
b9ed48                                       UNITED STATES MAGISTRATE JUDGE